Markman, J.
(dissenting). I would not reverse the Court of Appeals. Instead, I would grant leave to appeal to consider: (1) whether, contrary to MCL 600.745(2), which is designed to determine whether Michigan constitutes a reasonably convenient place for certain types of litigation, the trial court erred in importing a standard drawn from the common law, which is designed to determine whether Michigan constitutes the most convenient place for certain other types of litigation, thereby placing a greater burden on Michigan plaintiffs to sustain lawsuits in Michigan courts and a lesser burden on out-of-state defendants to sustain lawsuits in out-of-state courts; and (2) whether the trial court abused its discretion by finding that Michigan does not constitute a reasonably convenient place for the instant litigation, thereby requiring a Michigan business to make approximately 300 trips to California in order to bring a breach of contract action rather than requiring each of approximately 300 California defendants to make one trip to Michigan, so that the Michigan business can defend itself against a breach of contract action, despite the fact that each such defendant has contractually consented to personal jurisdiction in Michigan.